**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Daniel LePorin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 22-11858-NMG |
| Concord General Mutual Insurance | ) |
| Company, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff Daniel LePorin ("LePorin" or "plaintiff") requests a declaratory judgment with respect to the personal liability coverage available under a specific homeowners policy issued by defendant Concord General Mutual Insurance Company ("Concord" or "defendant"). Pending before the Court is defendant's motion to dismiss. For the following reasons, the motion to dismiss will be allowed.

I.  <u>Background</u>

A.   <u>Boating Accident and Underlying Federal Action</u>

According to the complaint, on August 9, 2020, LePorin was a guest at the New Hampshire home of Greg Parzych ("Parzych" or "insured"), the individual insured by Concord. LePorin was

- 1 -

wakeboarding on Lake Sunapee while being towed by a boat owned by the insured and operated by Melissa Parzych, the insured's daughter.  The boat was a 2020 Mastercraft XT21, which was powered by a 373 horsepower inboard motor.  While wakeboarding, LePorin sustained severe personal injuries, including the traumatic amputation of four fingers which removed half of his right hand.

In August, 2021, LePorin filed a two-count complaint in this Court against the Parzychs alleging negligence. See Daniel LePorin v. Greg S. Parzych and Melissa Parzych, Civ. Act. No. 21-cv-11249-NMG ("the underlying federal action").

In October, 2022, the parties jointly moved to stay the underlying federal action.  According to that motion, Progressive Northern Insurance Company ("Progressive") issued a boat insurance policy that provided coverage for the incident, but two additional insurance companies, Concord General Mutual Insurance Company and Preferred Mutual Insurance Company ("Preferred"), denied coverage for the incident.  The parties requested that the Court stay the underlying federal action while LePorin filed related declaratory judgment actions against Concord and Preferred to determine whether additional insurance funds were available.

This Court allowed that motion in December, 2022 when plaintiff filed the present lawsuit and LePorin v. Preferred Mutual Insurance Company, Civ. Act. No. 22-cv-12096-NMG.

### B.   Concord Homeowners Policy

At the time of the accident, Concord insured Parzych under a homeowners policy ("the policy").  Parzych requested coverage with respect to the August 9, 2020 boating incident.  In April, 2022, Concord denied coverage for the incident, stating that:

> [I]t is our understanding that the 2020 Mastercraft XT21 was purchased by you and powered by a 373 HP motor.  As this HP is in excess of the policy limitations we are unable to extend coverage for this loss.

After Concord confirmed its denial of coverage to LePorin's counsel, plaintiff filed the instant declaratory judgment action in October, 2022.

## II.   Motion to Dismiss

### A.   Legal Standard

To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or

incorporated by reference and matters of which judicial notice can be taken. <u>Nollet</u> v. <u>Justices of Trial Court of Mass.</u>, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), <u>aff'd</u>, 248 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. <u>Langadinos</u> v. <u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. <u>See</u> <u>Nollet</u>, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678-79 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. <u>Id.</u>

Under Massachusetts law, the interpretation of an insurance policy is a question of law. <u>See</u> <u>Ruggerio Ambulance Serv.</u> v. <u>Nat'l Grange Mut. Ins. Co.</u>, 724 N.E.2d 295, 298 (Mass. 2000). Courts are to

> construe an insurance policy under the general rules of contract interpretation, beginning with the actual language of the polic[y], given its plain and ordinary meaning.

Easthampton Congregational Church v. Church Mut. Ins. Co., 916
F.3d 86, 91 (1st Cir. 2019) (internal citation omitted).  The
policy should be "interpreted as a whole and construed so as to
give a reasonable meaning to each of its provisions." JRY Corp.
v. LeRoux, 464 N.E.2d 82, 87 (Mass. App. Ct. 1984) (citing
McMahon v. Monarch Life Ins. Co., 186 N.E.2d 827, 830 (Mass.
1962)).

Although ambiguities in the meaning of an exclusionary
provision are construed strictly against the insurer, Boazova v.
Safety Ins. Co., 968 N.E.2d 385, 390 (Mass. 2012),

> provisions [that] are plainly and definitely expressed
> in appropriate language must be enforced in accordance
> with [the policy's] terms.

High Voltage Eng'g Corp. v. Fed. Ins. Co., 981 F.2d 596, 600
(1st Cir. 1992) (internal citation omitted).

**B.  Application**

The parties agree that the relevant policy language is
contained in Section II, "Exclusions," Part B, "Watercraft
Liability":

> 2.  [T]here is still no coverage for "watercraft
>     liability" unless, at the time of the
>     "occurrence", the watercraft . . .
>
>     c.  Is not a sailing vessel and is powered by:
>
>         (1) An inboard or inboard-outdrive engine
>             or motor, including those that power a
>             water jet pump, of:

- 5 -

        (a)   50 horsepower or less and not owned by an "insured"; or

        (b)   More than 50 horsepower and not owned by or rented to an "insured"; or

  (2)  One or more outboard engines or motors with . . .

        (c)   More than 25 horsepower if the outboard engine or motor is owned by an "insured" who acquired it during the policy period.

Concord denied coverage because the boat in question was owned by the insured and powered by a 373 horsepower inboard motor, which was in excess of the policy limitations described in Section II.B(2)(c)(1). Concord alleges that Section II.B(2)(c)(1) applies to inboard engines or motors and Section II.B(2)(c)(2) applies to outboard engines or motors.

LePorin argues to the contrary that because "motor" is not modified by the word "outboard" in Section II.B(2)(c)(2) ("outboard engines or motors"), a "watercraft" with an inboard motor of more than 25 horsepower, acquired by the insured during the policy period, is covered.

Reading the language of the policy as a whole, the Court agrees with defendant that Section II.B(2)(c)(1) governs the dispute and Parzych's 2020 Mastercraft XT21 is not covered by the homeowners policy. Massachusetts courts are to

read the text of an insurance policy as a whole and
give meaning to each provision in context.

Performance Trans., Inc. v. Gen. Star Indem. Co., 983 F.3d 20,
26 (1st Cir. 2020).  Section II.B(2)(c) includes two exemptions,
each of which is a common device to power a watercraft: 1) "an
inboard or inboard-outdrive engine or motor" and 2) "one or more
outboard engines or motors."  Reading the text of Section
II.B(2)(c) as a whole provides context that the separate
provisions apply to different kinds of engines/motors: inboard
and outboard.  See id.  The Court concludes that Section
II.B(2)(c)(1) applies to watercraft powered by inboard engines
or motors and alternatively, Section II.B(2)(c)(2) applies to
watercraft powered by outboard engines or motors.

Because plaintiff's complaint describes the 2020
Mastercraft XT21 as a 373 horsepower vessel with an inboard
motor, Section II.B(2)(c)(1) is applicable to this case.
Accordingly, because Parzych, the insured, owned the boat with
an inbound motor with more than 50 horsepower, the August 9,
2020 boating accident is not covered by Concord's homeowners
policy.

**ORDER**

For the foregoing reasons, defendant Concord General Mutual Insurance Company's motion to dismiss (Docket No. 5) is **ALLOWED**.


**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  June 9, 2023